IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLE M. MAUDSLEY,                    No.  CIV.S-04-2072 DAD

         Plaintiff,
                                       ORDER
    v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

         Defendant.

_____/

         This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for remand.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded with the direction to grant benefits.

**PROCEDURAL BACKGROUND**

         On October 10, 2001, plaintiff Carole P. Maudsley applied for Disability Insurance Benefits under Title II of the Social

Security Act (the "Act").  (Transcript ("Tr.") at 1, 46-49.)  The

Commissioner denied plaintiff's application initially and on

reconsideration.  (Tr. at 34-37, 40-43.)  Pursuant to plaintiff's

request, a hearing was held before an administrative law judge

("ALJ") on May 1, 2003, at which time plaintiff was represented by

counsel.  (Tr. at 1434-66.)  In a decision issued on May 27, 2003,

the ALJ determined that plaintiff was not disabled.  (Tr. at 16-23.)

The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on July 14, 1988, the date the claimant stated she became unable to work, and continues to meet them through December 31, 1993.
>
> 2. The claimant has not engaged in substantial gainful activity since July 14, 1988.
>
> 3. The medical evidence establishes that, beginning on or before December 31, 1993, the claimant had severe back pain, but that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  The claimant has not had a severe mental impairment for the period in question.
>
> 4. The claimant's testimony is not substantially credible for the reasons stated in the body of this decision.
>
> 5. During the period beginning on or before December 31, 1993, the claimant had the residual functional capacity to sit, stand or walk for prolonged periods, occasionally lift 20 pounds, and frequently lift 10 pounds.  There are no nonexertional mental impairment related limitations for the applicable period (20 CFR 404.1545).

6.   The claimant does not have past
     relevant work that she could be
     expected to perform.

7.   The claimant is 52 years old, which is
     defined as a younger age individual (20
     CFR 404.1563).

8.   The claimant possesses a high school
     education (20 CFR 404.1564).

9.   The claimant does not have acquired
     work skills.

10.  During the period beginning on or
     before December 31, 1993, Section
     404.1569 of Regulations No.4 and rule
     202.20 of Table No. 2, Appendix 2,
     Subpart P, Regulations No. 4, direct a
     conclusion that, considering the
     claimant's residual functional
     capacity, age, education, and work
     experience, she is not disabled.

11.  The claimant was not under a
     "disability" for the period beginning
     on or before December 31, 1993, as
     defined in the Social Security Act, at
     any time through the date of this
     decision (20 CFR 404.1520(f)).

(Tr. at 22-23.)  The ALJ's decision became the final decision of the

Administration when the Appeals Council declined review on July 29,

2004.  (Tr. at 5-8.)  Plaintiff then sought judicial review, pursuant

to 42 U.S.C. § 405(g), by filing the complaint in this action on

October 1, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled

will be upheld if the findings of fact are supported by substantial

evidence and the proper legal standards were applied.  Schneider v.

Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows: /////

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his or her past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**ANALYSIS**

Defendant concedes at the outset that the decision of the ALJ in this case should be reversed, identifying the sole issue before the court as whether reversal for payment of benefits or remand for further administrative proceedings is appropriate.  In this regard, plaintiff argues that the court should direct payment of benefits.  In contending that further administrative proceedings are unnecessary, plaintiff advances many arguments.  Plaintiff's main

contentions are that the ALJ: (1) generally mischaracterized much of the evidence in making the residual functional capacity determination; (2) erred at step three of the sequential evaluation when he determined that plaintiff's impairments did not meet 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04 ("Listing 1.04"), concerning "Disorders of the spine"; (3) improperly assessed the opinions of three of plaintiff's treating physicians; (4) erroneously discounted plaintiff's testimony regarding the severity of her symptoms and the resulting limitations those symptoms place upon her; and (5) failed to address the lay testimony of plaintiff's husband.

Defendant does not dispute any of the errors identified by plaintiff.  Rather, defendant argues that this matter should be remanded for further proceedings.  Defendant seeks remand so that the ALJ can re-contact Phillip P. Baldi, D.O., one of plaintiff's treating physicians, so that Dr. Baldi can render an opinion specifically addressing plaintiff's residual functional capacity.[1] Defendant also seeks remand to provide the ALJ an opportunity to reevaluate plaintiff's subjective complaints and the testimony of her husband.

The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court.  Holohan v. Massanari, 246 F.3d 1195, 1210-11 (9th Cir. 2001);

---

[1] If for some reason Dr. Baldi's opinion regarding plaintiff's residual functional capacity were to be unclear or otherwise inconclusive with respect to the disability determination, defendant proposes that the ALJ hear testimony from a medical expert regarding the nature and severity of plaintiff's back impairment and related conditions.

Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)). This rule recognizes the importance of expediting disability claims. Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401.

Other than proposing that Dr. Baldi be re-contacted to render an opinion on plaintiff's residual functional capacity, presumably by filling out a form of some kind, defendant does not identify any additional new medical evidence that might be considered on remand. Rather, defendant essentially proposes a reevaluation of the evidence that was already presented in the prior administrative proceedings. The court is not inclined to disregard the well-established policy of expediting disability claims merely to provide the ALJ a second chance to reevaluate evidence in the record that should have been addressed in connection with the administrative hearing which took place nearly three years ago.[2]

_____

[2] It is puzzling how the ALJ overlooked the hundreds of pages of medical records from Dr. Baldi, plaintiff's primary physician, and then managed to not even mention Dr. Baldi in the decision finding plaintiff not disabled. One explanation might have to do with the chronology of events regarding the submission of many of those medical records. At the May 1, 2003, administrative hearing plaintiff's counsel requested that the record be kept open for thirty days thereafter so that he could submit additional treatment records from Dr. Baldi who counsel identified as having been plaintiff's treating physician for approximately 13 to 14 years. (Tr. at 1459,

Additionally, if the opinions of plaintiff's treating physicians are properly credited, it is clear that plaintiff is unemployable and disabled and there is no need to remand the case for additional findings.  See Ghokassian, 41 F.3d at 1304; Pitzer, 908 F.2d at 506.  The current record shows that plaintiff was disabled as of July 14, 1988, her alleged onset date, through October 10, 2001, the date of her application.[3]  In this regard, Nancy Coburn, M.D. found plaintiff incapable of working during 1988 due to her severe back pain.[4]  (Tr. at 614, 619-21, 646-48.)  Joe T. Hartzog, M.D.

---

1465.)  The ALJ granted the request to keep the record open for the submission of additional evidence. (Tr. at 1465.) Plaintiff submitted that evidence on May 23, 2003.  The ALJ either overlooked that evidence or gave it very little consideration, since on the very next business day, May 27, 2003, he issued his decision making no mention of the evidence whatsoever.  (See Tr. at 3, 1392-95, 1465.)

[3]  As a Title II claimant plaintiff must prove her "disability" commenced on or before her date last insured, which in this case is December 31, 1993.  Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984).  Additionally, since plaintiff applied for benefits for a current disability after the expiration of her insured status, the statutory scheme requires that her disability "be continuously disabling from the time of onset during insured status to the time of application for benefits[.]"  Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1460 (9th Cir. 1995).

[4]  Dr. Coburn's opinion was rendered within the context of workers' compensation proceedings.  While the terms employed in the workers' compensation setting are not equivalent to Social Security disability terminology, an ALJ may not ignore a doctor's medical opinion merely because it was issued in a workers' compensation context.  See Desrosiers v. Sec. of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); Coria v. Heckler, 750 F.2d 245, 247-48 (3d Cir. 1984).  The ALJ's opinion should reflect that the ALJ properly considered the pertinent distinctions between the two schemes.  See Desrosiers, 846 F.2d at 576.  In analyzing workers' compensation medical reports, the ALJ "is entitled to draw inferences 'logically flowing from the evidence.'" Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996)(quoting Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)).

concluded on October 17, 1988, that plaintiff was unable to return to

her job at the time due to acute pain.  (Tr. at 491.)  Dr. Hartzog

also stated that "her inability to sit" made it difficult to predict

when plaintiff might be able to return to any work.  (Tr. at 492.)

Dr. Baldi found plaintiff disabled from employment as of July 1,

1989.  (Tr. at 911.)  Plaintiff was hospitalized on at least two

occasions due to intractable back pain, once in 1989 and again in

1991.[5]  (Tr. at 783-85, 789-92.)  In 1990, Dr. Baldi found plaintiff

unable to sit for more than 30 minutes or stand for more than an hour

in an eight-hour workday.  (Tr. at 877, 880.)  During the latter part

of 1993, plaintiff's last insured year, plaintiff continued to

present herself for treatment with severe back pain.  (Tr. at 695-96,

698-99, 702-03.)

Plaintiff's chronic back pain continued beyond her date

last insured through the date of her application.  Within the 1466-

page administrative record, for example, are treatments notes showing

that plaintiff continued to complain of pain throughout 1994,

including one note reflecting plaintiff's feeling that "[s]he is very

unhappy and depressed and ... living with a great deal of pain." (Tr.

at 681, 682, 689.)  Records from 1996 show that plaintiff was very

anxious, agitated, and in severe chronic pain, although on some

---

[5] In his decision the ALJ found that plaintiff did not meet
Listing 1.04 because "the medical evidence discloses that the
claimant does not have the pain and tenderness of listings severity
and her range of motion has not been substantially impaired."  (Tr.
at 20.)  That finding is not supported by substantial evidence.  In
addition to plaintiff's hospitalizations for back pain, there is
ample evidence of plaintiff's back pain, tenderness and limited range
of motion.  (See, e.g., Tr. at 477, 613, 651, 659, 703-04.)

occasions she admittedly presented in relatively fair condition. (Tr. at 1358, 1360, 1364.)  By 1998 plaintiff's physician was referring to plaintiff as having a failed back surgery history.  (Tr. at 1286.)  Plaintiff continued to rely heavily on pain medications with limited success.  (Tr. at 1168-70, 1171-72, 1246, 1283.)  By 2001 further back surgery was being discussed due to plaintiff's intractable pain and she was to seek two different opinions in this regard.  (Tr. at 1053, 1064, 1067.)  One treatment note dated August 15, 2001, sums up plaintiffs' condition as "basically a failed back outcome and she has chronic pain."  (Tr. at 1061.)  A September 6, 2001, note by Dr. Baldi refers to an emergency room visit by plaintiff due to severe back pain.  (Tr. at 1055.)  Finally, a November 28, 2001, note by Dr. Baldi indicates that plaintiff "is going to be evaluated for social security disability, which I think is appropriate."  (Tr. at 1045.)

        The testimony of plaintiff and her husband also demonstrate that she is unemployable and disabled, rendering further administrative proceedings unnecessary.  (Tr. at 1448-57; 1460-65.) See Varney, 859 F.2d at 1401 (9th Cir. 1988)(crediting claimant's pain testimony as a matter of law when ALJ failed to make proper findings in rejecting it).

        In short, the current state of the record demonstrates that plaintiff is disabled as a result of a congenital spine defect and subsequent back injuries that have been treated with surgeries, medications and physical therapy with limited success.  In addition to her chronic back pain, the record indicates that plaintiff has a

number of other physical problems, such as leg and hip pain, and

mental problems, such as depression, anxiety and insomnia, arising

out of and related to her back condition.  The court finds that no

useful purpose would be served by delaying this matter further for

additional administrative proceedings.  The evidence in the

administrative record indicates that plaintiff has disabling physical

and mental impairments related to her back condition.  The evidence

also indicates that a determination of not disabled would not be

supported by substantial evidence.  See Winans v. Bowen, 853 F.2d

643, 647 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1457

(9th Cir. 1984).  Therefore, this matter will be remanded with the

direction to grant benefits.  See Holohan, 246 F.3d at 1210-11

(crediting treating psychiatrist's and claimant's testimony and

remanding with instructions to award benefits).[6]

/////

/////

/////

/////

---

[6] The court has not considered the March 9, 2005, letter from Dr. Baldi attached to plaintiff's motion for summary judgment.  At most that new evidence may serve as a basis for remand, not summary judgment.  See 42 U.S.C. § 405(g); Kokal v. Massanari, 163 F. Supp. 2d 1122, 1136 (N.D. Cal. 2001).  In addition, while this new evidence is clearly material, plaintiff has not shown good cause for the failure to incorporate such evidence into the record in a prior proceeding.  See 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).  In this regard, plaintiff has not shown why Dr. Baldi's more detailed opinion was unavailable earlier. Mayes, 276 F.3d at 462-63; Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985).  Nonetheless, for the reasons set forth above, the current state of the record adequately demonstrates that plaintiff is disabled.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for summary judgment and/or remand is granted;

2.   Defendant's cross-motion for remand is denied; and

3.   The decision of the Commissioner of Social Security is reversed and this case is remanded with the direction to grant benefits.

DATED: March 24, 2006.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\maudsley2072.order